IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 20-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JEFFERY G. ODEAR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#25) filed by the United States Probation Office filed on April 22, 2015 alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Jack W. Stewart, Jr., and the Government was present through Assistant United States Attorney, Richard Edwards. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegation contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence.

1

Defendant was charged in a bill of information (#1) with removing, damaging and defacing archaeological resources located on public lands without a permit. On April 3, 2015 Defendant appeared before the undersigned and entered a plea of guilty. On that date, the undersigned entered an Order (#18) releasing the Defendant on a $25,000 unsecured bond pending sentencing. The undersigned further set conditions of release which included the following:

> (8)(r) Defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.

Shortly after releasing Defendant, the Defendant was interviewed by officers of the United States Probation Office. At that time, Defendant told the probation officers he was actively using methamphetamines and barbiturates. United States Probation Officer Tamera Styles then recommended to Defendant that he receive immediate treatment for substance abuse and secured for Defendant a bed for inpatient treatment at the Neil Dobbins Center in Asheville, NC. At that time, Defendant refused to attend the treatment program and stated "he does not like treatment, and he was not ready to attend."

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

      (1)    finds that there is----
         (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
         (B) clear and convincing evidence that the person has violated any other condition of release; and
      (2)    finds that ---
         (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
         (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

It has been shown by clear and convincing evidence that Defendant has violated the condition of release that required him to participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable. Based upon the statements of Defendant that he was actively using methamphetamine, the Probation Officer appropriately referred Defendant for drug treatment at the Neil Dobbins Center and obtained a bed for inpatient treatment for him. Defendant refused to attend. Those facts show by clear and convincing evidence that Defendant has violated the condition presentence release.

Due to the findings made above and further considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. Indeed, the use of methamphetamine would create a risk of harm to the Defendant himself. The undersigned is of the opinion that based upon Defendant's actions and statements, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: May 12, 2015

Dennis L. Howell
United States Magistrate Judge