IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 20-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JEFFERY G. ODEAR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#52) filed by the United States Probation Office filed. In the Violation Report it is alleged that Defendant has violated terms and conditions of his presentence release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Jack W. Stewart, Jr., and the Government was present through Assistant United States Attorney, John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence. Testimony was

1

then presented through United States Probation Officer Jennifer Call.

Defendant was charged with removing and excavating archaeological resources located on public lands in violation of 16 U.S.C. § 470ee(a) and 470ee(d). On April 17, 2015 Defendant entered a plea of guilty to that charge and was released on terms and conditions of pretrial release. In further proceedings the Defendant again entered a plea of guilty to the charge after he had made statements that brought the initial plea into question. (#20 & #35)

The Defendant was released on terms and conditions of presentence release. Thereafter on May 12, 2015, the undersigned entered an Order (#32) revoking the terms and conditions of presentence release of Defendant. On June 15, 2015 the undersigned again entered an Order setting terms and conditions of presentence release for Defendant. As a part of those terms and conditions, Defendant was ordered to:

(8)(o) refrain from any use of alcohol.

(8)(s) participate in location monitoring which included home incarceration which restricted him to a 24-hour a day lock down at the home of his mother and father.

On July 16, 2015, Defendant left his residence, in violation of the requirement that he be on home incarceration, for a period of approximately one hour. On July

16, 2015, Defendant consumed alcohol in violation of the terms and conditions of presentence release.

U.S. Probation Officer Jennifer Call was called as a witness for the Government. Officer Call testified that on the evening of July 16, 2015 she received a telephone call from Defendant's mother and the Defendant's mother told Officer Call that Defendant had left the residence and Defendant had consumed alcohol. Officer Call was successful in contacting Defendant by telephone and Defendant cursed Officer Call using extremely inappropriate language. Defendant then returned to his mother and father's home.

In the terms and conditions of presentence release entered in this matter (#42), Defendant was ordered on July 15, 2015 to obtain inpatient substance abuse therapy and treatment at the Swain Recovery Center in Black Mountain, NC by participating in their 42-day treatment program. As of the date of the hearing of this matter, that being July 27, 2015, Defendant had not been admitted to the program. Defendant introduced into evidence a letter from Swain Recovery Center stating that Defendant would be admitted to the center on August 5, 2015 at 9:00 a.m.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1) finds that there is----
  (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
  (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
  (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
  (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

The evidence is clear and convincing that Defendant has violated the condition of release that required he be on home incarceration and he not use or consume any type of alcohol.

Due to that finding and further considering the factors as set forth under 18 U.S.C. § 3142(g), which includes Defendant's criminal record, it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned, based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an

order revoking the unsecured bond and the terms of presentence release previously issued in this matter and entering an order detaining Defendant.

The Court will allow Defendant to participate in the 42-day inpatient treatment program at the Swain Recovery Center in Black Mountain, NC beginning on August 5, 2015 at 9:00 a.m. Defendant will be released on terms and conditions of presentence release to the custody of his mother, Tammy Odear, who shall transport Defendant from the detention facility to the Swain Recovery Center in Black Mountain, NC for Defendant to participate in the treatment program. After completion of the program, Defendant shall be transported back to the U.S. Probation Office by Mrs. Odear where there shall be further proceedings to determine whether or not Defendant shall continue to be released on terms and conditions of presentence release.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of presentence release previously issued in this matter (#42) are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further sentencing in this matter. It is further **ORDERED** that at 8:00 a.m. on August 5, 2015, Defendant shall be released on terms and conditions of release to the custody of his mother, Tammy Odear, who shall transport Defendant to the

Swain Recovery Center in Black Mountain, NC where he shall participate in the 42-day inpatient treatment program. After completion of the program, Mrs. Odear shall transport Defendant to the U.S. Probation Office in Asheville, NC for further proceedings to determine whether or not Defendant will be allowed to continue on terms and conditions of presentence release.

Signed: July 29, 2015

*Dennis L. Howell* (signature)

Dennis L. Howell
United States Magistrate Judge